FILED
MAR 12 2002
JANET W. PROPES, CLERK
CHARLESTON, SC
3/14/02

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | C.A. 2:02-0578-18AJ |
| HELEN F. DAVIS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | **(JURY TRIAL REQUESTED)** |
| CHARLESTON COUNTY SCHOOL DISTRICT, | ) | |
| Defendant. | ) | |

The Plaintiff, by and through her undersigned counsel, does hereby make the following claims and allegations:

## JURISDICTION

1. That the Defendant, Charleston County School District (hereinafter referred to as Defendant) is an entity of the State of South Carolina, and is subject to the jurisdiction of this Honorable Court.

2. That the Plaintiff, Helen F. Davis (hereinafter referred to as Plaintiff), is a resident of the State of South Carolina, and within the jurisdiction of this Honorable Court.

3. That all parties and subject matter herein mentioned are within the jurisdiction of this Honorable Court.

## FACTS

4. The Plaintiff began working for the Defendant as a guidance counselor on December 1, 1994.

5. On January 2, 1996, she was offered and accepted the position of Parenting Consultant.

6. Eventually, the Plaintiff became the Coordinator of the District #20 Parent Center.

7. During her tenure at the Parent Center, (within the past three years) the Plaintiff applied for four promotional positions to Community Education Officer, Coordinator of Parenting and Family Literacy, School-to-career Coordinator, and Associate III for Alternative Education.



8. That the Plaintiff was qualified for each of the potions, which were open at the time that she applied.

9. That the Defendant denied each of the Plaintiff's four attempts at promotion, in favor of Caucasian workers who were younger, less qualified, and less experienced than the Plaintiff.

10. That Dr. Mentavalos, the director of the Plaintiff's District, has consistently engaged in and/or influenced employment decisions to deny African American applicants jobs and promotions within the district.

11. That, February 19, 2001, the Defendant transferred the Plaintiff, whose program funding had ended in the Parenting Center, to a receptionist (administrative) position.

12. The Plaintiff reported to the administrative position at the Child Development Center at the Charleston Naval Base under the direct supervision of Patti Daniels, and under Dr. Mentavalos.

13. That the Plaintiff worked as a receptionist (administrative position) at the Naval Base Child Development until June 30, 2001.

14. On or about June 7, 2001, the Plaintiff received notice that she had not been selected for promotion to the Associate III for Alternative Education position.

15. That the Defendant did promote a Caucasian employee who was less experienced and less qualified than the Plaintiff to the Associate III for Alternative Education position.

16. That, shortly after receiving notice that she was not promoted to the Associate III for Alternative Education position, the Plaintiff approached Dr. Marian Mentavalos, the Associate Superintendent of the Plaintiff's district and reported that she had noticed that there was a pattern and practice of discrimination in denying black workers promotions and/or access to desirable positions in the district because of their race.

17. During the same meeting, the Plaintiff told Dr. Mentavalos that she believed that the Defendant had denied her the promotion to the Associate III for Alternative Education position based on consideration of the Plaintiff's race.

18. Dr. Mentavalos, upon receiving the Plaintiff's complaint/report, left the office without responding to the Plaintiff's concerns about race discrimination in the department.

19. That the Defendant then told the Plaintiff that she would not be offered a contract for the upcoming year (2001-2002 school year).

20. That the Defendant did not offer the Plaintiff a contract for the following year prior to August of 2001.

21. That, according to the Defendant, there was a reduction in force, which the Defendant claimed affected the administrative positions, including the administrative that the Plaintiff held at the Child Development Center.

22. That the reduction in force took place on June 30, 2001, effectively terminating the Plaintiff and, because she had not been offered a contract for the following year, leaving the Plaintiff unemployed.

23. That the Defendant denied the Plaintiff's applications for promotion to Associate III for Alternative Education, Coordinator of Parenting and Family Literacy, School-to-Career Coordinator, and Community Education Officer, based on consideration of the Plaintiff's race in violation of the plaintiff's rights under 42 U.S.C. 1981a, and in violation of 42 U.S.C. 1983, et seq.

24. That, had the Plaintiff been promoted to any of the positions for which she had applied (Coordinator of Parenting and Family Literacy, School-to-Career Coordinator, Community and Associate III for Alternative Education), she would not have been affected by the June, 2001 reduction in force.

25. That the Defendant terminated the Plaintiff with actual malice, and in retaliation for the Plaintiff's having reported race discrimination, in violation of 42 U.S.C. 1983, et seq.

26. That the Plaintiff applied for unemployment benefits with S.C. Employment Security Commission (SCESC) in July of 2001.

27. That the Plaintiff was entitled to apply for and, if qualified, receive benefits from the SCESC.

28. That the defendant intentionally interfered with the Plaintiff's entitlement to benefits from the SCESC by issuing false statements to the SCESC about the

Plaintiff's employment status, and thereby causing the SCESC to deny the Plaintiff unemployment benefits.

29. That the Defendant was motivated to interfere with the Plaintiff's seeking unemployment benefits by retaliatory intent, and acted under color of state law in doing so, in violation of 42 U.S.C. 1983.

30. That, as a direct and proximate result of the Defendant's retaliatory actions in blocking the Plaintiff's attempts at securing benefits to which she was entitled, the Plaintiff suffered the loss of benefits to which she would have been entitled but for the Defendant's interference.

31. That the Defendants violated the Plaintiff's civil rights under 42 U.S.C. 1981a, et seq. under color of law, and as part of a custom or policy of discrimination within the district, in violation of 42 U.S.C. 1983 when they denied the Plaintiff's attempts at promotion, demoted the Plaintiff, and terminated the Plaintiff.

32. As a direct and proximate result of the Defendants' unlawful, intentional, and reckless actions and omissions, the Plaintiff:
    a) Suffered severe emotional distress;
    b) Suffered the loss of her job;
    c) Suffered the loss of wages;
    d) Suffered the loss of benefits associated with her job;
    e) Suffered the loss of future wages and benefits;
    f) Incurred expenses for attorney's fees and costs of this action.

33. That the Plaintiff is entitled to an award of damages against the Defendants in the amount of all damages available pursuant to 42 U.S.C. 1983, et seq..

### FOR A FIRST CAUSE OF ACTION
### WRONGFUL DENIAL OF PROMOTION BECAUSE OF RACE
### IN VIOLATION OF 42 U.S.C. 1983

34. Paragraphs one (1) through thirty-three (33) are hereby incorporated verbatim.

35. The Plaintiff is an African American woman, and thus, is in a group of persons protected under 42 U.S.C. 1981a. et seq.

36. That the Defendant was, and, at the time of the drafting of this Complaint, is, the Plaintiff's employer within the definition of "employer," under 42 U.S.C. 1981a, et seq. and existing law.

37. That the position for Associate III for Alternative Education was open and available in or around June of 2001.

38. That the positions of Community Education Officer, Coordinator of Parenting and Family Literacy, School-to-Career Coordinator, and Associate III for Alternative Education were open and available in or around within three years prior to December 31, 2001.

39. That the Plaintiff did apply for the Community Education Officer, Coordinator of Parenting and Family Literacy, School-to-Career Coordinator, and Associate III for Alternative Education positions.

40. That the Plaintiff was qualified for all of the positions for which she applied.

41. That a move to any one of the four positions, Community Education Officer, Coordinator of Parenting and Family Literacy, School-to-Career Coordinator, and Associate III for Alternative Education would have been a promotion for the Plaintiff at the times that she applied.

42. That, for each of the positions, the Defendant selected a Caucasian applicant who was less experienced and less qualified for the position than the Plaintiff.

43. That the Defendant denied the Plaintiff's applications for the four promotional positions based on consideration of her race in violation of 42 U.S.C. 1981a, and as part of a pattern, custom, and practice that rose to a level of policy within the school district, in violation of 42 U.S.C. 1983, et seq.

44. That the denials were adverse employment actions which were part of a practice, custom, and policy of discrimination in which the Defendant was engaged.

45. That, had the Plaintiff received any one of the promotions she sought, she would not have been affected by the June 2001 reduction in force, because the Community Education Officer, Coordinator of Parenting and Family Literacy, School-to-Career Coordinator, and Associate III for Alternative Education positions are not administrative positions.

46. That, as a direct and proximate result of the Defendants' reckless, intentional, and unlawful acts and omissions, the Plaintiff:
    a) Suffered severe emotional distress;
    b) Suffered the loss of her job in the June 2001 reduction in force;

c) Suffered lost wages;

d) Suffered the loss of benefits associated with her job;

e) Suffered the loss of future wages and future benefits;

f) Incurred expenses for attorney's fees and costs associated with this action.

47. That the Plaintiff is entitled to an award of actual damages, attorney's fees, costs of this action, all damages available pursuant to 42 U.S.C. 1983, et seq, and other damages such as this Honorable Court deems appropriate and just.

### FOR A SECOND CAUSE OF ACTION
### WRONGFUL TERMINATION; RETALIATION
### IN VIOLATION OF 42 U.S.C. 1983

48. Paragraphs one (1) through forty-seven (47) are hereby incorporated verbatim.

49. That the Plaintiff participated in acts protected by 42 U.S.C. 1981a, et seq. when she reported to Dr. Mentavalos on or about May 30, 2001 and June 7, 2001 that 1) there was a pattern and practice of discrimination based on race in Dr. Mentavalos' department, and 2) that the Plaintiff believed that she had been denied the promotion to Associate III for Alternative Education based on consideration of her race.

50. That the Defendants took adverse employment action against the Plaintiff be 1) refusing and failing to offer her a contract for the 2001-2002 school year, and 2) terminating her on the pretext of a reduction in force for administrative positions.

51. That the Defendants violated 42 U.S.C. 1983 by taking adverse employment action against the Plaintiff in retaliation against her for her having participated in acts 42 U.S.C. 1981a.

52. That the Defendants' actions were part of a custom and policy of discrimination in violation of 42 U.S.C. 1981a, and were in violation of 42 U.S.C. 1983.

53. That, as a direct and proximate result of the Defendants' reckless, intentional, and unlawful acts and omissions, the Plaintiff:

a) Suffered severe emotional distress;

b) Suffered the loss of her job;

c) Suffered the loss of wages;

d) Suffered the loss of benefits associated with her job;

e) Suffered the loss of future wages and benefits;

f) Incurred expenses for attorney's fees and costs associated with this action.

54. That the Plaintiff is entitled to an award of damages against the Defendant in the amount of actual damages, consequential damages, all damages available pursuant to 42 U.S.C. 1983, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

### PRAYER FOR JUDGEMENT

WHEREFORE, THE Plaintiff prays for an award of damages against the Defendant in the amount of:

A. Actual damages;

B. Consequential damages;

C. All damages available pursuant to 42 U.S.C. 1983, et seq.;

D. Reasonable attorney's fees;

E. Costs of this action;

F. Other damages such as this Honorable Court deems appropriate and just.

Chalmers C. Johnson
Attorney for the Plaintiff
39 Broad Street, Suite 203
Charleston, SC 29401
(843) 723-8288

Dated: 3-10-02